United States District Court
Southern District of Texas
ENTERED
SEP 23 1998
Michael N. Milby, Clerk of Court
By Deputy Clerk

United States District Court
Southern District of Texas
FILED
SEP 22 1998
Michael N. Milby, Clerk of Court

31

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANCISCO LARA-RESENDEZ,
    Petitioner

v.                              No. CA B-97-96

E.M. TROMINSKI,
    Respondent.

MEMORANDUM AND ORDER

The instant case is one of a series of Petitions for Writs of Habeas Corpus, challenging final orders of deportation issued by the Board of Immigration Appeals, for which review in the Court of Appeals is unavailable. See, *Cantu-Salinas v. Trominski*, CA B-97-183, designated by the parties as the lead case in this series. In the case at bar, review by the Court of Appeals was unavailable because Petitioner's prior attorney failed to advise him of the Board's order until after the time for filing a petition for review had lapsed. Respondent moved to dismiss the instant action on the grounds that, as a result of 8 USC §1252(g), this Court no longer has habeas jurisdiction under 28 USC §2241 in such cases.

Petitioner sought a preliminary injunction, staying his deportation while review proceeded of the underlying order of deportation, and of his attempts to have that order rescinded by the Board of Immigration Appeals. The United States Magistrate Judge issued a Report and Recommendation on August 5, 1997, recommending that the injunction issue. However, shortly thereafter, the Parties agreed that none of the Petitioners in this series would be deported, or detained, while the jurisdictional, and other common questions of law were resolved, and Petitioner withdrew said motion.

However, now that theses issues have been resolved, (see, *Cantu-Salinas v. Trominski, supra*), the instant case is also ripe for decision, and, following *de novo* review of the entire record, the Court adopts the pertinent factual findings and conclusions of law of the Magistrate Judge, and enters the following Order:

I. FINDINGS OF FACT

1. Petitioner is a Mexican national, who was admitted to the U.S. as a lawful permanent resident in 1966. In 1986, he was convicted of conspiracy to make a firearm, in violation of 18 USC §371 and 26 USC §586(f), for which he was deported in 1993, allegedly pursuant to 8 USC §1251(2)(C). He promptly returned to the U.S., and was again placed in deportation proceedings, in which he sought to collaterally attack the prior order, on the grounds that the offense of which he was convicted was not a deportable offense. The Immigration Judge held that he could not entertain the challenge, and again ordered him deported. Petitioner appealed.

2. On February 13, 1997, the BIA dismissed the appeal, holding that the Immigration Judge erred in finding that he did not have jurisdiction over such a collateral attack, but that Petitioner had not been prejudiced by this error, in that the offense of which he was convicted was, according to the Board, necessarily subsumed in the offenses of unlawfully owning, or possessing, a weapon, which offenses do constitute deportable offenses under 8 USC §1251(2)(C).

3. However, Petitioner's prior counsel failed to inform him of the decision until the statutory period for seeking judicial review had expired. Mr. Lara sought reopening from the BIA, on the grounds of ineffective assistance of counsel, but Respondent took him into custody, in preparation for deportation. The instant petition

2

followed, seeking a stay of deportation while he sought relief from the BIA, and review of the underlying deportation order.

## II. CONCLUSIONS OF LAW

1. As noted, the jurisdictional issues raised herein were resolved in *Cantu-Salinas v. Trominski, supra*. Since Petitioner did not deliberately by-pass available review in the Court of Appeals, this Court has jurisdiction under 28 USC §2241 to review the Order the Board of Immigration Appeals of February 13, 1997, under the same standards as would have been available in the Court of Appeals. *U.S. ex rel Marcello v. INS*, 634 F.2d 964, 971-72 (5th Cir. 1981). *See also, Nakaranurack v. U.S.*, 68 F.3d 290, 293-94 (9th Cir. 1995).

2. Neither the unlawful making of a weapon, in violation of 18 USC §371 and 26 USC §586(f), nor conspiracy to make such a weapon, is listed as a deportable offense in 8 USC §1251(2)(C). Nor is the offense of which Mr. Lara was convicted necessarily subsumed in any offense which constitutes grounds for deportation. One can be convicted of unlawful conspiracy to make a weapon on facts which would not support a charge of conspiring to unlawfully own, or possess, such a weapon. *U.S. v. Thompson/Center Arms Co.*, 12 S.Ct. 2102 (1992); *Haynes v. U.S.*, 88 S.Ct. 722 (1968). As concluded by the U.S. Magistrate herein, Mr. Lara was therefore deported for an offense which did not constitute grounds for deportation.

3. Furthermore, under BIA precedent, a person who was deported for reasons which do not constitute grounds for deportation was subjected to a "gross miscarriage of justice," and is entitled to have that deportation order vacated. *Matter of Roman*, 19 I&N Dec. 855 (BIA 1988); *Matter of Farinas*, 12 I&N Dec. 467 (BIA 1967); *Matter of Malone*, 11 I&N Dec. 730 (BIA 1966).

4. The Court therefore concludes that the Board's Order of February 13, 1997 was in error, and should be vacated. Consequently, the Court also concludes that the refusal of the BIA to reopen proceedings, which refusal is under review by the Fifth Circuit Court of Appeals in *Lara-Resendez v. INS*, No. 98-60091, is not pertinent, and is not considered herein.

### III. ORDER

IT IS THEREFORE HEREBY ORDERED that the Government's Motion to Dismiss be, and the same hereby is, *DENIED*;

IT IS FURTHER ORDERED that the instant Petition For Writ of Habeas Corpus be, and the same hereby is, *GRANTED*.

IT IS FURTHER ORDERED that the decision of the Board of Immigration Appeals of February 13, 1997 be *vacated*, and that the case be *remanded* to the BIA for further proceedings consistent herewith.

The Clerk of Court shall send certified copies of the foregoing to all counsel of record.

DONE AT BROWNSVILLE, TEXAS this _____ day of _____ 1998.

HILDA G. TAGLE
United States District Judge

4